(No. 00070— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

ANNA M. FREEMAN, a/k/a MARGUERITE FREEMAN, as wife of FLOYD DEAN FREEMAN, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 31, 1976.*

ANNA M. FREEMAN, a/k/a MARGUERITE FREEMAN, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney General, for Respondent.

PER CURIAM.

This claim, arising out of the death of a law enforcement officer, allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," [hereafter, "the Act"] *Ill. Rev. Stat., 1971, Ch. 48, Sec. 281 et seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's office which substantiates

matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the full Court on July 10, 1974, the Court finds as follows:

1. That the claimant, Anna M. Freeman, is the wife of the decedent and is the beneficiary who was designated by him as stated in her application for benefits;

2. That the decedent, Floyd Dean Freeman, was a "Chief Investigator" employed by the Sheriff of Rock Island County and engaged in the active performance of his duties, within the meaning of Section 2(e) of the Act, on March 22, 1974.

3. That on said date, Sgt. John W. DePew, of the Sheriff's Department, was attempting to place a prisoner, one Richard D. Owens, into a detention cell in the jail building. Owens refused to enter the detention cell and a scuffle ensued. Deputy Freeman was sitting near by and came to Sgt. DePew's aid. The two officers struggled with the prisoner for approximately three to five minutes and finally restrained him and put him in the detention cell. After the scuffle, Sgt. DePew stated that Deputy Freeman's face was "flush" and "he was breathing a little hard." Deputy Freeman left the office at approximately 3:20 p.m. and thereafter called Dr. Joseph P. Hanrahan whose answering service contacted the doctor at his home. Dr. Hanrahan advised the answering service to contact Mr. Freeman and have him go to Franciscan Hospital where he was admitted to Intensive Care unit complaining of upper-mid-abdominal pain. Dr. Hanrahan contacted a Dr. A. W. Weise, a specialist of internal medicine for consultation, who reported that the patient was complaining of upper gastric discomfort. Later in the day, Deputy Freeman died suddenly of a heart attack.

The Coroner's Certificate of Death recited the immediate cause of death as "Pulmonary Edema, due to or as a consequence of shock, due to or as a consequence of exertion."

4. The Court finds, therefore, that Deputy Freeman was killed in the line of duty as defined in Section 2(e) of the Act, and

5. That the proof submitted in support of this claim satisfied all of the requirements of the Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $20,000 (TWENTY THOUSAND DOLLARS) be awarded to Anna M. Freeman, a/k/a Marguerite Freeman, as wife and designated beneficiary of the deceased Deputy, Floyd Dean Freeman.